IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENNIE COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-423-KAJ |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Plaintiff Bennie Cobb ("Cobb"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4, 9.) I now proceed to review and screen his complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, I am dismissing without prejudice the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. It provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v.*

*Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

II.   **DISCUSSION**

Cobb alleges that in December 2004, while shopping at a Wal-Mart in Camden, Delaware, he slipped and fell, injuring his back. He seeks compensatory damages. Cobb's complaint fails because he does not allege a constitutional violation by a state actor.

Cobb filed this case pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Wal-Mart Stores, Inc. is a Delaware corporation doing business throughout the United States and

internationally. http://walmartstores.com (Wal-Mart Stores, Inc. was incorporated in Delaware on October 31, 1969. Its home office is in Bentonville, Arkansas). Quite simply Wal-Mart is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

Moreover, the complaint does not allege a constitutional violation. Rather, the complaint alleges a personal injury tort under Delaware law. Unless the requisites of diversity are met, this court does not have jurisdiction to hear such a claim. I take judicial notice that Wal-Mart is a Delaware corporation and Cobb is also a resident of Delaware. There can be no diversity when the parties are citizens of the same state. *See* 28 U.S.C. § 1332(a), (c). Cobb's complaint fails to state a claim upon which relief may be granted. Therefore, I will dismiss it without prejudice.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1915(e)(2)(B). Bennie Cobb's complaint is DISMISSED without prejudice to his right to assert the claim in the Delaware State Courts.

_____
UNITED STATES DISTRICT JUDGE

October 3, 2006
Wilmington, Delaware